IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| SHAWN MAURICE SILER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:20cv195 |
| | ) |
| DUKE ENERGY CORPORATION, a | ) |
| corporation, PIEDMONT NATURAL | ) |
| GAS COMPANY, Inc., a | ) |
| corporation, T-MOBILE US, | ) |
| Inc., a corporation, | ) |
| | ) |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

THOMAS D. SCHROEDER, Chief District Judge.

Plaintiff Shawn Maurice Siler brings this action against Duke Energy Corporation and Piedmont Natural Gas Company, Inc. ("Defendants") alleging unlawful debt collection practices in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq. (Doc. 2.) A third defendant, T-Mobile US, Inc., was voluntarily dismissed from the action. (Doc. 18.) Before the court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 9.) The motion has been fully briefed (Docs. 10, 15, 16) and is ready for a decision. For the reasons set forth below, Defendants' motion to dismiss will be granted.

I. BACKGROUND

The allegations of the complaint, viewed in the light most

favorable to Siler, show the following:

On February 28, 2020, Siler filed a complaint alleging that Defendants were debt collectors and unlawfully communicated with him to recover an alleged debt. (Doc. 2 at 4.) Siler further claimed that Defendants "turned service off before [the] due date," causing Siler to lose all of his food and requiring him to acquire a hotel room and a rental car. (Id.) Siler is seeking relief in the amount of $276,000 "pursuant to [15 U.S.C.] 1692k, 1692a(2), [and] 1692(7)." (Id.)

On March 25, 2020, Defendants filed the present motion to dismiss. (Doc. 9.) The court issued Siler a Roseboro letter,[1] notifying him of his right to file a 20-page response and the possibility that a failure to do so would likely result in the dismissal of his case. (Doc. 13.) On April 8, 2020, Siler filed a nine-page response in opposition to the motion to dismiss (Doc. 15) along with various records and documents (Docs. 15-1 through 15-11). On June 30, 2020, the court notified Siler that the docket did not reflect that T-Mobile US, Inc. had been served (Doc. 17), and on July 7, 2020 Siler informed the court of his desire to proceed without T-Mobile US, Inc. as a party to this action (Doc. 18).

---

[1] See Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).

## II. ANALYSIS

Siler proceeds pro se.  "A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case."  Hall-El v. United States, No. 1:11CV1037, 2013 WL 1346621, at *2 (M.D.N.C. Apr. 3, 2013) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)).  Pleadings "should not be scrutinized with such technical nicety that a meritorious claim should be defeated." Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).  However, the liberal construction of a pro se plaintiff's pleading does not require the court to ignore clear defects in pleading, Bustos v. Chamberlain, No. 3:09-1760-HMH-JRM, 2009 WL 2782238, at *2 (D.S.C. Aug. 27, 2009), become an advocate for the pro se party, Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990), or "to construct full blown claims from sentence fragments," Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).  Reading Siler's account of "continuous communication about an alleged debt" in connection with his reference to the FDCPA, the court will construe his complaint as a civil liability action under 15 U.S.C. § 1692k.  (Doc. 2 at 3-4.)

Siler asserts, and Defendants do not dispute, that the court has subject matter jurisdiction under 15 U.S.C. §§ 1692 et seq., under the FDCPA.  (Doc. 2 at 3.)

3

### A. Standard of Review

Defendants move to dismiss Siler's claim under Federal Rule of Civil Procedure 12(b)(6), arguing that Siler has failed to state a claim upon which relief can be granted. (Doc. 9.) To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable," demonstrating "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556-57). "Rule 12(b)(6) protects against meritless litigation by requiring sufficient factual allegations 'to raise a right to relief above the speculative level' so as to 'nudge[] the[] claims across the line from conceivable to plausible.'" Sauers v. Winston-Salem/Forsyth Cty. Bd. of Educ., 179 F. Supp. 3d 544, 550 (M.D.N.C. 2016) (alterations in original) (quoting Twombly, 550 U.S. at 555, 570). Mere legal conclusions are not accepted as true, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

4

B.   Failure to State a Claim

Defendants assert that the FDCPA only regulates the conduct of debt collectors and that "they are not subject to the FDCPA and cannot be found liable under it pursuant to § 1692k." (Doc. 10 at 3.)  They further argue that even if the court were to conclude that they were subject to liability under the FDCPA as "debt collectors," Siler's allegations are "otherwise too conclusory to satisfy federal pleading requirements."  (Id. at 3-4.)  Interpreting the definition of "debt collectors" under the FDCPA and relying on the Black's Law Dictionary definitions of "utility companies," "prima facie," "prima facie case," and "prima facie evidence," as well as attached documents, Siler argues that Defendants' motion should be denied.  (Doc. 15.)

 "At bottom, a valid claim under the FDCPA inherently requires the coming together of all the statutory elements at the time of and in connection with the prohibited conduct," Henson v. Santander Consumer USA, Inc., 817 F.3d 131, 140 (4th Cir. 2016), and a claim under 15 U.S.C. § 1692k requires actions of a "debt collector."  A debt collector under the FDCPA is "(1) a person whose *principal purpose* is to collect debts; (2) a person who *regularly* collects debts *owed to another;* or (3) a person who collects *its own debts*, using *a name other than its own* as if it were a debt collector." Henson, 817 F.3d at 136 (emphasis in original).  Siler's complaint does not affirmatively allege that Defendants are debt collectors.

5

Even drawing inferences in Siler's favor, his complaint consists of nothing more than conclusory statements and cannot pass muster under the Rule 12(b)(6) standard. Because Siler's complaint "failed to allege facts demonstrating that [Defendants] [were] acting as . . . 'debt collector[s],' as defined by § 1692a(6)," Defendants' motion to dismiss for failure to state a claim will be granted. Henson, 817 F.3d at 140. See Richardson v. Shapiro & Brown, LLP, No. - JFM-17-307, 2017 WL 3493123, at *1 (D. Md. Aug. 14, 2017), aff'd as modified, 751 F. App'x 346 (4th Cir. 2018) (granting defendants' motion to dismiss where plaintiff failed to state any plausible claim that defendants were debt collectors).

**III. CONCLUSION**

For the reasons stated above,

IT IS THEREFORE ORDERED that Defendants' motion to dismiss (Doc. 9) is GRANTED and Plaintiff's complaint is DISMISSED.

/s/   Thomas D. Schroeder
United States District Judge

July 16, 2020